**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 08-2091

---

JOSEPH MITCHELL MILLER; DOUGLAS A. DYE, JR.; KENNETH G. COLBY, JR.,

    Plaintiffs - Appellants,

      v.

DOGWOOD VALLEY CITIZENS ASSOCIATION, INCORPORATED; GARY E. LOWE; MATTHEW P. BROWN; DEAN MUSSER; KEITH WYNN; JUDITH FRANCES MCDAVID,

    Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:06-cv-00020-nkm-bwc)

---

Submitted: August 18, 2009          Decided: October 8, 2009

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Joseph J. D'Erasmo, JOSEPH J. D'ERASMO & ASSOCIATES, LLC, Rockville, Maryland, for Appellants. John Loehr, Charlottesville, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Mitchell Miller, Douglas A. Dye, Jr., and Kenneth G. Colby, Jr., appeal from the district court's order denying relief on their complaint against Dogwood Valley Citizens Association, Inc., Gary E. Lowe, Matthew P. Brown, Dean Musser, Keith Wynn, and Judith Frances McDavid. Finding no error, we affirm.

The Appellants filed a complaint against the Appellees seeking treble damages and costs and attorney's fees for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"). RICO makes it unlawful for, among other acts, any person to maintain an interest in an enterprise that affects interstate commerce through a pattern of racketeering, or for any person employed by or associated with an enterprise that affects interstate commerce to participate in the conduct of such enterprise's affairs through a pattern of racketeering. See 18 U.S.C. § 1962(b), (c) (2006); see also 18 U.S.C. § 1961(5) (2006) (pattern of racketeering activity requires two acts of racketeering activity within ten years). Here, the Appellants alleged that the Appellees engaged in extortion, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2006), mail fraud, in violation of 18 U.S.C. § 1341 (2006), and conspiracy to injure others in reputation, trade, business, or profession, in violation of Va. Code Ann. § 18.2-499 (2004).

2

See 18 U.S.C. § 1961(1) (2006) (defining "racketeering activity," in part, as any act of extortion chargeable under state law and punishable by more than a year, and any act indictable under the Hobbs Act or § 1341). Under the Hobbs Act, extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

Extortion can be based on the fear of economic harm in which the "circumstances surrounding the alleged extortionate conduct rendered that fear reasonable." United States v. Billups, 692 F.2d 320, 330 (4th Cir. 1982) (citations omitted); see also United States v. Hairston, 46 F.3d 361, 365 (4th Cir. 1995). However, where the threat of economic harm is based on legitimate economic threats to obtain property, a defendant violates the statute only if he has no claim of right to that property.[*] See, e.g., United States v. Sturm, 870 F.2d 769, 773 (1st Cir. 1989). In order to prove that a defendant did not have a legitimate claim of right to the property, a plaintiff must demonstrate that the defendant knew that he was not legally entitled to the property. See id. at 774.

---

[*] The Appellants have not challenged the existence of the claim of right defense in this court.

3

After a bench trial, the district court found in favor of the Appellees, concluding that the Appellees at all times were acting under a bona fide claim of right, believing that they were entitled to the property obtained. Appellants contend that the district court erred in reaching this conclusion. We have thoroughly reviewed the record and conclude that the district court did not err in finding that the Appellees believed they had a bona fide claim of right to the property obtained.

Appellees next argue that the district court's legal and factual findings are clearly erroneous because the district court omitted facts from its written opinion. We have thoroughly reviewed the record and conclude that the district court's factual and legal conclusions are not clearly erroneous and were adequate to support its opinion.

Accordingly, we affirm the judgment for the reasons stated by the district court. See J.A. 415-28. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED